IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CV-297-BO

| | |
|---|---|
| JACQUELINE FRIDIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| LOCKHEED MARTIN CORPORATION, et al., ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on 12 of the named defendants' motion to dismiss [DE 6], and plaintiff's motion to remand [DE 13]. The motions are now ripe for adjudication. For the reasons stated herein, the motions are DENIED.

## BACKGROUND

Plaintiff, Jacqueline Fridia filed this action against 14 corporate entities seeking damages allegedly arising out of an exposure to chemicals that she suffered in the course and scope of her employment with LINC Government Services, LLC, while performing maintenance on military vehicles at Fort Bragg, North Carolina. [DE 1-1 at ¶¶ 32–46]. Lockheed Martin Corporation ("Lockheed") is the parent corporation of each of the 12 defendants moving to dismiss ("subsidiary defendants"). [DE 7 at 5]. Plaintiff alleges that complete diversity between all defendants and plaintiff does not exist. [DE 13 at 2].

## DISCUSSION

Because the motion to remand concerns a jurisdictional issue, the Court first considers whether or not it has diversity jurisdiction over this matter. *NJT, Inc. v. Molson Breweries USA, Inc.*, 848 F. Supp. 2d 54, 56 (E.D.N.C. 1994) (citation omitted).

I.   MOTION TO REMAND.

An action is removable to federal court only if it could have been brought in federal court. 28 U.S.C. § 1441(a). A civil action may be brought in federal court "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a). The burden of establishing federal jurisdiction is on the party seeking removal. *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction must be strictly construed and if federal jurisdiction is doubtful, remand is necessary. *Id.*

Here, defendant Lockheed filed the notice of removal [DE 1] in this case and in support of removal Lockheed claimed that it is incorporated and maintains a principal place of business in Maryland. [DE 1 at ¶ 5]. However, plaintiff contends that while the remaining defendants consented to removal, the only allegations concerning the citizenship of the other defendants come from the complaint in which plaintiff alleges that each of the defendants maintain a principal place of business and registered agent in North Carolina. [DE 1-1 at ¶¶ 2–29].

However:

> just as a plaintiff's complaint sufficiently establishes diversity jurisdiction if it alleges that the parties are of diverse citizenship and that the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332, so too does a removing party's notice of removal sufficiently establish jurisdictional grounds for removal by making jurisdictional allegations in the same manner. Of course, on a challenge of jurisdictional allegations, [t]he party seeking removal bears the burden of demonstrating that removal jurisdiction is proper. But this burden is no greater than is required to establish federal jurisdiction as alleged in a complaint.

*Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008) (citations omitted); *see also Vandevender v. Blue Ridge of Raleigh, LLC*, 2014 U.S. Dist. LEXIS 75486 (E.D.N.C. Jun. 2, 2014); *Strawn v. AT&T Mobility LLC*, 530 F.3d 293 (4th Cir. 2008).

2

For the purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." *Hoschar v. Appalachian Power Co.*, 739 F. 3d 163, 170 (4th Cir. 2014) (alterations in original). "[A] corporation's principal place of business is its 'nerve center.'" *Id.* The corporation's "nerve center" is the corporation's "principle place of business" where "the corporation's high level officers direct, control, and coordinate the corporation's activities." *Id.* at 170–71 (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010)). This is usually the corporation's headquarters. *Id.* at 171.

Defendants have submitted an affidavit of Valerie Shea-Zabella, paralegal manager for the missiles and fire control business area of Lockheed. The affidavit shows that the CEO, CFO, Secretary, and Treasurer of Lockheed and the subsidiary defendants are not centered in North Carolina and that none of the significant corporate decisions and corporate policies that direct, control, and coordinate Lockheed or its subsidiary defendants' activities occur in North Carolina. This is sufficient to show that the nerve centers for these defendants are not located in North Carolina and is sufficient proof of diversity of citizenship. Accordingly the Court finds that complete diversity of citizenship exists here and denies the motion to remand.

II. MOTION TO DISMISS.

A Rule 12(b)(6) motion challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

conclusions." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Similarly, a court need not accept as true a plaintiff's "unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts. v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000). A trial court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

The 12 subsidiary defendants move to dismiss on the grounds that none of them had any contractual or other relationship with Fridia or her employer. In short, these defendants claim to have no relationship to the case and that they were not involved in any of the facts and circumstances of the case.

The complaint clearly alleges that these 12 defendants are alleged to have acted in concert or independently from each other and Lockheed. [DE 1-1 at ¶ 61]. Further, the complaint alleges that the individuals responsible for the wrongful action against plaintiff were the respective employees, officers, servants, and agents of the defendants and, while performing such actions and omissions, were at all times herein acting within the scope of their employment with defendants, under defendants' control, and in furtherance of defendants' interests. [DE 1-1 at ¶ 36]. Paragraph 31 of the complaint reads "[t]hroughout this Complaint, . . . any allegation made against any of the Defendants or Defendant Lockheed are made against all of the Defendants and in the alternative against each entity." [DE 1-1 at ¶ 31]. To require plaintiff to restate each of the four claims for relief fourteen times to account for each defendant would be an exercise in unnecessary redundancy that the law does not require. Further, defendants' argument that a contract only existed between plaintiff's employer and Lockheed is of no consequence at this time. The complaint does not reference or include any contract and therefore

4

the existence of such a contract is irrelevant. The focus here is on the allegations in the compliant which are sufficient to allege claims upon which relief may be granted against all defendants in favor of plaintiff. Plaintiff has alleged, at a minimum, that each defendant, both collectively and in the alternative, transported military vehicles under their exclusive custody and control from the Middle East to the Fort Bragg facility; held exclusive control over those military vehicles that Fridia worked on; knew about the dangerousness of the toxic substance and failed, or refused, to warn Fridia about the danger; and then destroyed the evidence. This is sufficient under Rule 12(b)(6).

Defendants also object to plaintiff's veil-piercing claim, but in doing so mainly rely on the contract again. For similar reasons as previously discussed, their reliance is misplaced. At this stage, plaintiff's pleadings on the matter of piercing the corporate veil are sufficient to withstand defendants' motion to dismiss. As there are no remaining grounds on which the Court can grant defendants' motion to dismiss, it is denied.

## CONCLUSION

For the foregoing reasons, the motion to dismiss is DENIED and the motion to remand is DENIED. The case may proceed in its entirety.

SO ORDERED.

This the __2__ day of October, 2014.

*/s/ Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE